**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-14085

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ALEXANDER MCKAY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cr-80176-DMM-2

_____

Before BRANCH, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Alexander McKay appeals the district court's order denying his post-judgment motion requesting the district court to order that his 96-month total federal imprisonment sentence shall run

concurrently with the state sentences he is currently serving. McKay argues the district court misunderstood that it had the authority at sentencing to order that his federal sentence run concurrently with his yet-to-be-imposed state sentences. After review,[1] we affirm.

## I.  BACKGROUND

At sentencing, McKay requested the district court impose his 96-month federal sentence to run concurrently with any yet-to-be-imposed sentences in his state Indian River County cases. The Government stated it had no objection but noted that it believed that, under the caselaw, the calculation of how his sentence would run would be up to the Bureau of Prisons (BOP). The district court stated it did not have an objection to McKay's federal sentence "running concurrent" but it would "leave the issue to the State Court judge given the circumstances of this offense." It further stated it had no objection to the sentence running concurrently if the state court judge decided to do so but noted those charges involved a different crime and circumstances. McKay's counsel responded, "I understand the State Court judge can do what the State

---

[1] We review *de novo* the district court's denial of McKay's post-judgment motion to modify or "revisit" his sentence to order that his federal sentence would run concurrently to his now-imposed Florida state sentence. *See United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020), *vacated by Jackson v. United States*, 143 S. Ct. 72 (2022), *reinstated by United States v. Jackson*, 58 F.4th 1331, 1333 (11th Cir. 2023) (reviewing *de novo* whether a district court had the authority to modify a term of imprisonment).

23-14085                 Opinion of the Court                 3

Court needs to do." The court entered final judgment to that effect, and McKay did not appeal.

Nearly eight months after the court entered judgment, McKay moved the district court to order his federal sentence to run concurrently with the state sentences imposed in Indian River County. He noted the state court sentenced him to five years in state prison, to be served concurrently with any active federal sentence being served, and that he was serving his state sentence. He contended he would not commence serving his federal sentence until he was released from state custody and delivered to the BOP. He noted that Florida had primary jurisdiction over him. He attached his state judgments, where the state court ordered the state sentences would run concurrently with each other "and any federal sentence being served." He requested the district court revisit its ruling denying his oral motion and order the BOP to run the sentences concurrent *nunc pro tunc*.

The district court denied the motion. It reiterated it had stated at sentencing that it did not object to his federal and state sentences running concurrently but that it would not direct that it be done and would leave the issue to the state court judge given the circumstances of the offense. The court noted the state court judge had sentenced McKay to five years' imprisonment and indicated the state sentence should run concurrently with his federal sentence. The district court concluded that it lacked jurisdiction to grant the relief, as the proper avenue for relief was through the BOP under 18 U.S.C. § 3621.

## II.  DISCUSSION

We first note that McKay did not take a direct appeal from his final judgment, but rather appealed from the denial of his post-judgment motion to run his federal sentence concurrently with the state sentence he is currently serving.  A direct appeal would have been the correct vehicle to challenge the district court's decision to refuse to designate, at the time of sentencing, that his federal sentence would run concurrently with his yet-to-be-imposed state sentence.  *See* 18 U.S.C. § 3584(a); *Setser v. United States*, 566 U.S. 231, 236-37, 244 (2012) (holding district court has discretion to order a federal sentence run concurrently or consecutively to an anticipated state sentence).

The district court did not err by denying McKay's post-judgment motion.  Much of McKay's argument on appeal focuses on the fact the district court and the Government did not oppose his federal sentence running concurrently with his yet-to-be-imposed state sentence and that the Government led the district court astray at sentencing by suggesting it lacked the authority to order a concurrent sentence before the state sentence had been imposed.  While the Government did state it was up to the BOP to actually make the final sentence calculation, the district court left the issue to the state court judge because the state court action was a different crime and the circumstances were such that the state court judge might decide something different.[2]

---

[2] McKay expressly states that he cannot rely on U.S.S.G. § 5G1.3(c).  *See* U.S.S.G. § 5G1.3(c) (instructing where a state term of imprisonment is

McKay points to no statute or caselaw that would authorize the district court to modify his federal sentence to order that it be served concurrently with his state sentence eight months after entering final judgment. *See United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015) (stating district courts lack inherent authority to modify a term of imprisonment and may do so only to the extent that a statute or rule expressly permits). An imprisonment term may be modified pursuant to § 3582(c), corrected pursuant to Federal Rule of Criminal Procedure 35, or appealed or modified if outside the Guidelines range under 18 U.S.C. § 3742. 18 U.S.C. § 3582(b).

McKay's request for modification does not fall within any of the narrow categories under which a district court may modify an already-imposed sentence. McKay has not argued that he was sentenced based on a Guidelines range that was subsequently lowered by a retroactive amendment such that he could seek relief under 18 U.S.C. § 3582(c)(2), neither he nor the BOP filed a motion for relief under § 3582(c), and the modification is not otherwise expressly permitted by statute or rule. 18 U.S.C. § 3582(c) (providing a court may not modify a term of imprisonment that has been imposed except upon motion by the BOP, or motion of the defendant after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, after considering

---

anticipated to result from another offense that is relevant conduct to the instant federal offense, the federal sentence shall be imposed to run concurrently to the anticipated state term of imprisonment).

the 18 U.S.C. § 3553(a) factors; to the extent otherwise permitted by statute or Fed. R. Crim. P. 35; or where a defendant has been sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the Sentencing Commission).  McKay likewise cannot seek a modification of his sentence under Rule 35, as he did not move for a correction within 14 days after judgment was entered.  *See* Fed. R. Crim. P. 35(a). McKay also makes no argument that 18 U.S.C. § 3742 applies to his claim.

In sum, we affirm the district court's denial of McKay's post-judgment motion to run his federal sentence concurrently with the state sentence he is currently serving as the court did not err in determining that it lacked the authority to grant the relief which McKay sought.[3]

**AFFIRMED.**

---

[3] While the district court lacked the authority to grant McKay's "Motion to Run Federal Sentence Concurrent with State Sentence Defendant is Currently Serving," both the Supreme Court and the parties in the case have identified other possible avenues of relief.  The Supreme Court in *Setser* identified a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) as a potential mechanism for relief.  566 U.S. at 242-43.  The Government also notes that McKay may seek relief from the BOP under 18 U.S.C. § 3621 by requesting that he serve his federal sentence in a Florida facility, and McKay notes he may be able to seek relief by filing a motion to vacate under 28 U.S.C. § 2255 or § 2241.